## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALEXANDER DIXON, JR.,** | x<br>: | **Civil Action No.: 2:13-cv-3593-NIQA** |
| **Plaintiff,** | :<br>:<br>: | |
| **v.** | :<br>: | |
| **NATIONAL RAILROAD PASSENGER**<br>**CORPORATION ("AMTRAK"),** | :<br>:<br>: | |
| **Defendant.** | :<br>x | |

### REPORT OF RULE 26(F) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for defendant National Railroad Passenger Corporation ("Amtrak") and plaintiff Alexander Dixon, Jr., conferred on August 27, 2013 and submit the following report of their meeting for the Court's consideration:

**I.      Discussion of Claims, Defenses and Relevant Issues**

PLAINTIFF WILL ASK THE COURT TO VOLUNTARILY DISMISS THIS CASE PURSUANT TO F.R.C.P. 41. This is a FELA case. On July 31, 2012, plaintiff was employed as an Amtrak trackman. At approximately 2:00 a.m. he and his co-workers were working at the Midway Station, North Brunswick, New Jersey. Plaintiff claims that as a result of the railroad's negligence, he injured and/or aggravated his left knee while performing his job duties that day.

Amtrak does not consent to plaintiff's voluntary dismissal without prejudice and instead requests the Court allow plaintiff's counsel to withdraw from the case, keep the case pending in this court, and give plaintiff 60 days by which to seek new counsel, otherwise the case will be dismissed with prejudice.

Amtrak contests each element of plaintiff's claim. Amtrak breached no duty of care to plaintiff. Amtrak was not negligent and no act or omission on its part caused or contributed to

plaintiff's alleged injuries. To the extent plaintiff suffered any injuries, they were the sole result of his own negligence and/or the acts or omissions of persons or entities other than Amtrak and over whom Amtrak had no control. Plaintiff was provided with a reasonably safe place to work. See also Amtrak's Answer for Affirmative Defenses asserted.

## II.       Informal Disclosures

Both parties have completed their initial disclosures as required by Rule 29(a).

## III.      Formal Discovery

A.  Counsel agree that discovery shall proceed in accordance with the Federal Rules of Civil Procedure. This includes the amendments to the Federal Rules regarding electronic discovery effective December 1, 2006.

B.  Counsel agree that the subjects for discovery include:

      (1)     liability;

      (2)     medical causation; and

      (3)     damages.

C.  Counsel anticipate that the following depositions will be necessary:

      (1)     Plaintiff;

      (2)     Several fact witnesses/persons with relevant knowledge/information; and

      (3)     The parties' respective expert witnesses.

## IV.      Pretrial Timetable

The parties propose the following deadlines:

A.  Proposed factual discovery end date – February 18, 2014;

B.  Expert reports due –March 18, 2014;

C.  Rebuttal reports due– April 15, 2014;

D.  Dispositive/Daubert motions due – April 29, 2014; and

F.    Trial – <u>June 23, 2014</u>.

## V.    **Settlement/Mediation**

The parties are agreeable to a settlement conference with the Court following the close of discovery.

## VI.    **Trial**

The parties request a date certain for trial.  The parties anticipate trial will last 3-4 days.

At this time, the parties are not agreeable to trying this case before a Magistrate Judge.

Signed,

By:    _/s/ Lawrence A. Katz_ 
COFFEY KAYE MYERS & OLLEY 
Attorney's for Plaintiff 
Alexander Dixon

By:    _/s/ Daryl Wander_ 
LANDMAN CORSI BALLAINE & FORD P.C. 
Attorneys for Defendant 
National Railroad Passenger 
Corporation ("Amtrak")

Dated: August 27, 2013